Nicholson, C. J.,
delivered the opinion of the Court..
On the 29th of June, 1869, Pante executed his note, payable twelve months after date, to Wheatley, for ten thousand dollars, ($10,000): and as security, executed a trust deed on real estate in Memphis, to .Lons-dale, with power to sell upon his failure to pay the-note at maturity. The note not being paid, Lonsdale-advertised the property for sale. Whereupon, Pante filed his bill of injunction and enjoined the sale, alleging that he borrowed eight thousand, two hundred! dollars, ($8,200), from Wheatley and executed his note for ten thousand dollars, ($10,000), with the deed of trust as security. He stated that besides the eighteen per cent, agreed to be paid on the loan, he had made-various payments, not stating the amounts, on which the like usurious rate of interest was charged, whereby the amount actually due was greatly less than ten thousand dollars, ($10,000), yet that the property was-advertised to be sold for the whole amount for cash, and without the equity of redemption. He prayed for an injunction; that the defendants answer the allegations ; and that the necessary accounts be taken.
The bill was answered by Wheatley and Lonsdale,, admitting the usury as alleged and admitting payments — specifying them — and also admitting that after deducting the usury the amount due was about seven-thousand, three hundred dollars, ($7,300). Wheatley *668 disclosed the fact in his answer, that he was acting as agent for Bethel in the transaction; that he had assigned the note and trust deed to Bethel; and that he had no interest in the suit.
Thereupon, Pante filed his amended bill and made Bethel a defendant, who answered and adopted the answer of Wheatley, having no other knowledge of the transaction and payments except that derived from Wheatley.
Upon their answers, defendants moved to dissolve the injunction. The Chancellor sustained the motion, but permitted the trustee to sell only property enough to pay the amount claimed by defendants to be due— reserving the question as to the appropriation of the funds, when it should be ascertained what the true •amount due might be found to be. Thereupon Pante •obtained a writ of supersedeas from one of the Supreme Judges, suspending the sale of the property until upon the trial of the cause it should be ascertained what was the amount of usury in the transaction, and what was the real amount due to Bethel.
Defendant now moves to discharge the supersedeas and allow him to proceed to sell under his trust deed, in pursuance of the decree made on the dissolution •of the injunction. The motion must be disallowed. It was error in the Chancellor on a motion to dissolve the injunction, based upon answers which admitted the equity of the bill, to make a decree permitting the foreclosure of the mortgage before the real amount secured thereby was ascertained. The ■answer, of the defendants in which they concede that *669 the complainant’s allegations as to usury were true,, was conclusive against them as to the amount of usury admitted, but they were not conclusive as to the fact whether that was all the usury ta,ken. The complainant had a right to furnish evidence on that question, and have the amount really due established, before a decree for the sale of the property could be properly made.
The motion to discharge the supersedeas is therefore disallowed.